June C. PHILLIPS
vs.
AMERICAN MUTUAL
INSURANCE COMPANY and
CITY of WORCESTER

Case No. 284

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

January 2, 1981

Richard T. Tucker for the plaintiff.
Bennett S. Gordon for the defendant.

Present: McGuane, J., Walsh, J., and Larkin, J.

## OPINION

MCGUANE, J. This is a civil action brought by the plaintiff as a result of her suffering personal injuries when struck by a falling tree limb on or about Columbus Street, a public way in the City of Worcester, on or about May 17, 1974.

On January 31, 1975 the plaintiff brought suit in Worcester Superior Court for declaratory relief against defendant, American Mutual Insurance Company.

On May 21, 1976 plaintiff and her husband brought suit in Worcester Superior Court against the City of Worcester seeking damages from this same incident. The City raised the statute of limitations and was granted judgment on the pleadings. On the same day the plaintiff's motion to continue, based on Whitney et al vs. City of Worcester et al, Mass. Adv. Sh. 1713, was denied.

On August 18, 1978 the plaintiff filed a motion to amend its complaint by adding

the City of Worcester as a defendant in its pending case against American Mutual Insurance Company commenced January 31, 1975. This motion was allowed. The city then filed an answer and a motion for summary judgment. After hearing the motion for summary judgment was allowed January 8, 1979.

The issue presented by this appeal is whether or not the trial judge was correct in his rulings that the amended complaint did not come within the "relating back" provisions of Mass. R. Civ. P. 15(c) and his ruling that the amended complaint did not relate back to the original pleadings. The plaintiff claims that this was prejudicial error.

The plaintiff was injured May 17, 1974 by a falling tree limb. At the time of injury the adjoining land owner possessed a policy of insurance with American Mutual Insurance Company which provided coverage for medical payments to persons injured on adjoining ways. The plaintiff brought suit on January 31, 1975 for recovery of medical expenses against American Mutual Insurance Company. On August 18, 1978 that complaint was amended by adding the City of Worcester.

Massachusetts R. Civ. P. 15(c) provides that "whenever the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the pleading, the amendment relates back to the original pleadings".

Our rule 15(c) is an extremely liberal rule and relates back as to new parties, change of theory of recovery, an additional theory of recovery or changed theory of recovery, from contract to tort. Smith and Zobel, 6 Massachusetts Practice Series, pages 445-446.

The critical issue on whether the amendment will relate back is, as Rule 15(c) states, whether the claim in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading". **Touzin v. Smith**, 1978 Mass. App. Ct. Adv. Sh. at 1037.

We feel the Trial Judge was in error, that the amended pleading did relate to the same "conduct, transaction or occurrence as set out in the original pleadings" and that the granting of summary judgment prejudiced the plaintiff.

There being prejudicial error the summary judgment is vacated and the matter is remanded to the trial court.

So ordered.
McGuane, J.
Larkin, J.
Walsh, J.